# Exhibit C

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA                                                                     CIVIL ACTION

KALANDRA LEWIS and
CHRISTOPHER LEWIS,

      Plaintiffs,

vs.

Case No. 12-CA-003675

SERENITY SPA FOR TOTAL HEALTH
AND RELAXATION, INC.

      Defendants.

---

**PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, KALANDRA LEWIS and CHRISTOPHER LEWIS (hereinafter "Plaintiffs"), by and through their undersigned attorneys, and file their Second Amended Complaint against Defendants, SERENITY SPA FOR TOTAL HEALTH AND RELAXATION, INC., (hereinafter "SERENITY SPA"), DENISE VEGA (hereinafter "VEGA"), and HANZEL ALPIZAR (hereinafter "ALPIZAR") and allege:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceed the sum of Fifteen Thousand Dollars ($15,000.00).

2. SERENITY SPA is a for-profit corporation organized in the State of Florida whose principal place of business is in Lee County, Florida.

3. VEGA is a resident of Lee County, Florida.

4. ALPIZER is a resident of Lee County, Florida.

5. All negligent acts or omissions alleged below occurred in Lee County, Florida.

6. At all times material hereto, VEGA was a massage therapist licensed by the State of Florida, and engaged in the business of providing massage services to the general public.

7. At all times material hereto, SERENITY SPA was a day spa offering spa services to the general public.

8. At all times material hereto, VEGA was the sole officer, director, and shareholder of SERENITY SPA.

9. At all times material hereto, ALPIZER was a massage therapist licensed by the State of Florida, and an employee or agent of VEGA and/or SERENITY SPA.

10. On June 14, 2012, KALANDRA LEWIS entered the premises at which SERENITY SPA operated at the time, and paid for a massage to be performed on her upper back and neck.

11. At that time, the massage was administered by ALPIZAR, who was acting within the course and scope of his employment and/or agency with VEGA and/or SERENITY SPA.

12. ALPIZAR performed the massage with undue force, which caused KALANDRA LEWIS to react in a manner that made her pain and discomfort obvious.

13. After the massage, KALANDRA LEWIS began to experience regular and persistent nausea, dizziness, and fatigue, which culminated in her suffering a stroke.

14. Thereafter, KALANDRA LEWIS was diagnosed with left vertebral artery dissection.

## COUNT I
### (Negligence of ALPIZAR)

15. Plaintiffs restate and incorporate by reference the allegations in paragraphs one (1) through fourteen (14) as if fully rewritten herein.

16. At all times material hereto, ALPIZAR owed a duty to practice massage therapy with the level of care, skill, and treatment which is recognized by a reasonably prudent similar massage therapist as being acceptable under similar conditions and circumstances.

17. ALPIZAR breached his duty of care to the Plaintiff, KALANDRA LEWIS, by engaging in acts and /or omissions including, but not limited to the following:

    a. Negligently and carelessly performing the massage without regard to the proper amount of force to be applied to KALANDRA LEWIS' neck, and without regard to the proper degree of manipulation to be performed on KALANDRA LEWIS' neck;

    b. Failing to adjust his technique in light of KALANDRA LEWIS' reaction to the amount of force and degree of manipulation used on her neck;

18. As a direct and proximate result of the aforesaid negligence and carelessness of ALPIZAR, the Plaintiff, KALANDRA LEWIS, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, all of which are either continuing or permanent in nature, and Plaintiff, KALANDRA LEWIS, will suffer such losses in the future.

## COUNT II
### (Vicarious Liability of VEGA)

19. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) and sixteen (16) through eighteen (18) as if fully rewritten herein.

20. At all times material hereto, VEGA employed ALPIZAR as a massage therapist such that ALPIZAR was under VEGA's supervision, employ, and control when he committed the wrongful and negligent acts described herein.

21. ALPIZAR engaged in the negligent conduct while acting in the course and scope of his agency/employment with VEGA.

22. VEGA is vicariously liable for the negligent acts of ALPIZAR and responsible for the resulting injuries and damages suffered by the Plaintiff, KALANDRA LEWIS.

## COUNT III
### (Vicarious Liability of SERENITY SPA)

23. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) and sixteen (16) through eighteen (18) as if fully rewritten herein.

24. At all times material hereto, SERENITY SPA employed ALPIZAR as a massage therapist such that ALPIZAR was under SERENITY SPA'S supervision, employ, and control when he committed the wrongful and negligent acts described herein.

25. ALPIZAR engaged in the negligent conduct while acting in the course and scope of his employment with SERENITY SPA.

26. SERENITY SPA is vicariously liable for the negligent acts of ALPIZAR and responsible for the resulting injuries and damages suffered by the Plaintiff, KALANDRA LEWIS.

## COUNT IV
### (Direct Negligence of VEGA)

27. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) as if fully rewritten herein.

28. The practice of massage therapy is a regulated industry within the State of Florida. As a result, VEGA was required to conduct an appropriate investigation into ALPIZER's suitability to perform massage therapy before hiring him to do so.

29. VEGA failed to conduct an appropriate investigation into ALPIZER's suitability to perform massage therapy before hiring him to do so.

30. Had VEGA conducted an appropriate investigation, she would have discovered information demonstrating that ALPIZER was unsuitable for performing massage therapy, including, but not limited to, his failure to procure liability insurance as required by Florida law.

31. It was unreasonable for VEGA to hire ALPIZER to perform massage therapy on her behalf in light of the information VEGA knew or should have known regarding ALPIZER's unsuitability to practice massage therapy, including, but not limited to, his failure to comply with Florida laws regulating massage therapists.

32. ALPIZER's failure to comply with Florida law regulating the practice of massage therapy rendered his failure to properly perform massage therapy reasonably foreseeable.

33. ALPIZER failed to properly perform the massage administered to Plaintiff, KALANDRA LEWIS, which resulted in serious bodily harm.

34. As a direct and proximate result of the aforesaid negligence and carelessness of VEGA, the Plaintiff, KALANDRA LEWIS, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, all of which are either continuing or permanent in nature, and Plaintiff, KALANDRA LEWIS, will suffer such losses in the future.

**COUNT V**
**(Direct Negligence of SERENITY SPA)**

35. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) as if fully rewritten herein.

36. The practice of massage therapy is a regulated industry within the State of Florida. As a result, SERENITY SPA was required to conduct an appropriate investigation into ALPIZER's suitability to perform massage therapy before hiring him to do so.

37. SERENITY SPA failed to conduct an appropriate investigation into ALPIZER's suitability to perform massage therapy before hiring him to do so.

38. Had SERENITY SPA conducted an appropriate investigation, it would have discovered information demonstrating that ALPIZER was unsuitable for performing massage therapy, including, but not limited to, his failure to procure liability insurance as required by Florida law.

39. It was unreasonable for SERENITY SPA to hire ALPIZER to perform massage therapy on its behalf in light of the information SERENITY SPA knew or should have known regarding ALPIZER's unsuitability to practice massage therapy, including, but not limited to, his failure to comply with Florida laws regulating massage therapists.

40. ALPIZER's failure to comply with Florida law regulating the practice of massage therapy rendered his failure to properly perform massage therapy reasonably foreseeable.

41. ALPIZER failed to properly perform the massage administered to Plaintiff, KALANDRA LEWIS, which resulted in serious bodily harm to her.

42. As a direct and proximate result of the aforesaid negligence and carelessness of SERENITY SPA, the Plaintiff, KALANDRA LEWIS, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, all of which are either continuing or permanent in nature, and Plaintiff, KALANDRA LEWIS, will suffer such losses in the future.

### COUNT VI
### (Consortium Claim of CHRISTOPHER LEWIS)

43. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through thirty-four (42) as if fully rewritten herein.

44. At all times material hereto, Plaintiff, CHRISTOPHER LEWIS, was the lawful husband of KALANDRA LEWIS.

45. As a direct and proximate result of the aforementioned negligence and carelessness, Plaintiff, CHRISTOPHER LEWIS, suffered the loss of the comfort, security, consortium, assistance, and companionship of his wife, and incurred medical expenses in the treatment of her injuries, which said damages are either permanent or continuing in nature.

### DEMAND FOR JURY TRIAL

46. Plaintiffs demand trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs demands a judgment for damages against the Defendants, SERENITY SPA FOR TOTAL HEALTH AND RELAXATION, INC., DENISE VEGA, and HANZEL ALPIZAR, together with all costs of this action.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was transmitted via e-mail to Roy W. Foxall, Esq., counsel for Defendant SERENITY SPA FOR TOTAL HEALTH AND RELAXATION, INC., at foxalldocs@comcast.net and foxallfiling@comcast.net and Miguel C. Fernandez, III, Esq., Counsel for Defendant HANZEL ALPIZAR, at Miguel.mcfernandeziiilaw@gmail.com and mcflaw.klb@gmail.com on this ___ day of January, 2014.

James D. Gordon, III, Esquire (FBN: 577359)
**Frohlich, Gordon & Beason, P.A.**
18501 Murdock Circle, Ste. 103
Port Charlotte, FL 33948
Telephone:   (941) 979-9010
Facsimile:   (941) 979-9250
jgordon@fgblawfirm.com
miisaksen@fgblawfirm.com
*Attorneys for Plaintiffs*